UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SEMINOLE WALLS & CEILINGS CORP., | ) ) | Case No. 6:01-bk-01966-KSJ Chapter 7 |
| Debtor. | ) ) | |
| | | |
| CARLA MUSSELMAN, TRUSTEE, | ) ) | |
| Plaintiff, | ) | Adversary No. 6:04-ap-77 |
| vs. | ) ) | |
| DEBBIE JASGUR, | ) | |
| JOSEPH JASGUR, | ) | |
| ROBERT L. FOX, | ) | |
| DARTLIN J. AFRICH, | ) | |
| AFRICH MAINTENANCE, INC., | ) | |
| AFRICH MANAGEMENT & INVESTMENT, INC., | ) ) | |
| VINTAGE PARTNERS, INC., | ) | |
| BRADLEY E. WHITTLE, | ) | |
| THE FUNDING SOLUTIONS, INC., | ) | |
| JOSEPH YARON, | ) | |
| PITA CORPORATION, | ) | |
| PAUL PHILIPSON, | ) ) | |
| Defendants. | ) ) | |
| | | |
| CARLA MUSSELMAN, | ) ) | |
| Plaintiff, | ) | Adversary No. 6:04-ap-79 |
| vs. | ) ) | |
| AFRICH MANAGEMENT & INVESTMENTS, INC., | ) ) | |
| AFRICH MAINTENANCE, INC., | ) | |
| DARTLIN J. AFRICH, | ) | |
| ROBERT L. FOX, | ) | |
| PITA CORPORATION, | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION ON MOTIONS TO TAX COSTS

Both the plaintiff, the Chapter 7 trustee Carla Musselman,[1] and three related defendants,[2] Africh Management & Investments, Inc., Africh Maintenance, Inc., and Dartlin J. Africh[3] ("the Africh defendants"), argue that they are the prevailing party entitled to recover costs against the other. After concluding that the plaintiff is the prevailing party, the Court will award costs jointly and severally against the primary losing parties, the Africh Defendants, in the amount of $33,690.06.

A cost award is committed to this Court's "sound discretion."[4] Bankruptcy Rule 7054(b) states, "The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provide." The parties agree that a cost award is not prohibited by any statute or rule; indeed, the parties' competing bids for costs demonstrate that the award of costs is appropriate.

These related adversary proceedings were filed over six years ago on April 20, 2004. Discovery was extensive. The lengthy and heavily contested trial was conducted over eight days in two segments.[5] The Court ultimately ruled in favor of the plaintiff and against all defendants, including the Africh Defendants, concluding that the trustee controlled the PITA Assets,[6] that none of the defendants, including the Africh Defendants, had a claim to the PITA Assets, and directing all defendants, again including the Africh Defendants, to turn over or to account for any portion of the Jasgur Collection or the PITA Assets they had or previously held.[7] The primary

---

[1] Adversary No. 4-ap-77, Doc. Nos. 494, 505, 506, & 515; Adversary No. 4-ap-79, Doc. Nos. 326, 335, 336, & 345.
[2] Adversary No. 4-ap-77, Doc. Nos. 503 & 517; Adversary No. 4-ap-79, Doc. Nos. 333 & 347.
[3] Africh Management & Investments, Inc., Africh maintenance, Inc., and Dartlin J. Africh are collectively referenced as the "Africh Defendants".
[4] *In re Celotex Corp.*, 251 B.R. 163, 166 (Bankr. M.D. Fla. 2000).
[5] The trial was held September 13-15 & October 12, 2006, and May 24-28, 2010.
[6] All defined terms have the same meaning as contained in the Amended Findings of Fact and Conclusions of Law (Adversary No. 4-ap-77, Doc. No. 466).
[7] Adversary No. 4-ap-77, Doc. No. 467.

defendants at all times were the Africh Defendants, the parties who ultimately ended up with the valuable property the trustee sought to recover.  Although the trustee failed to succeed on certain counts,[8] the defendants obtained no affirmative relief.  As such, the Court concludes that the trustee properly is the prevailing party.

The Africh Defendants rest their bid for costs on the argument that the trustee failed to succeed on certain counts in each of the adversary proceedings.  But, that alone does not support a finding they are prevailing parties.  In general, the prevailing party is the litigant in whose favor judgment is rendered.[9]  "'A party need not prevail on all issues to justify a full award of costs, however. . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.'"[10]

The trustee filed these adversary proceedings with the goal of recovering the Jasgur Collection. She was entirely successful.  The Court found debtor's principal, Robert Fox, fraudulently transferred the Collection to Africh Maintenance, Inc., Fox's friend Dartlin Africh's company;[11] Fox sold the Collection with intent to defraud the debtor's creditors and to personally benefit at the creditors' expense;[12] and Africh bought the Collection in bad faith, knowingly helping his friend to cheat the debtor's other creditors.[13]  The Court entered judgment against Africh Management & Investments, Inc., Africh Maintenance, Inc., and Dartlin J. Africh (among others) and ordered the Jasgur Collection immediately returned to the trustee.[14]  Having obtained

---

[8] The trustee failed to prevail on Counts 4, 5, and 6 in Adversary Proceeding 4-77 and Counts 3, 4, 5, 8, 9, 10 and 11 in Adversary Proceeding 4-79.
[9] *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).
[10] *Id.* at 354-55 (*quoting United States v. Mitchell*, 580 F.2d 789, 793-94 (5th Cir. 1978) (internal citations omitted)).
[11] Adversary No. 4-ap-77, Doc. No. 466 at 30; Adversary No. 4-ap-79, Doc. No. 302 at 30.
[12] Adversary No. 4-ap-77, Doc. No. 466 at 30; Adversary No. 4-ap-79, Doc. No. 302 at 30.
[13] Adversary No. 4-ap-77, Doc. No. 466 at 31; Adversary No. 4-ap-79, Doc. No. 302 at 31.
[14] Adversary No. 4-ap-77, Doc. No. 467; Adversary No. 4-ap-79, Doc. No. 303.  The Africh Defendants are incorrect in asserting that the trustee prevailed on the fraudulent transfer cause of action against Africh Maintenance only and did not prevail against Dartlin Africh and Africh Management.

complete relief, the trustee, not the Africh Defendants, is the prevailing party. The Africh Defendants' motions to tax costs are denied.[15]

The Court awards the trustee costs pursuant to 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The trustee seeks reimbursement of service of process costs ($1,938.63); witness fees and mileage reimbursements to witnesses ($442.63); court reporter fees ($21,313.68); photocopy costs, including those for production of bank records ($9,224.92); exhibit notebook costs ($370.20); and electronic transcript (hearing CD) costs ($400.00).[16] These costs, which total $33,690.06, are supported by affidavits of the trustee and her counsel. The Africh Defendants do not object to any category of costs sought by the trustee as unallowable; neither do they object to the amount of the costs sought as unreasonable. The Court finds the trustee's requests appropriate and reasonable in light of the length and complexity of this litigation. The trustee is entitled to reimbursement of costs pursuant to 28 U.S.C. § 1920 in the amount of $33,690.06.

---

[15] Adversary No. 4-ap-77, Doc. Nos. 503 & 517; Adversary No. 4-ap-79, Doc. Nos. 333 & 347.
[16] The trustee originally sought reimbursement of mediation costs, but she has withdrawn that request.

The trustee's motions to tax costs are granted.[17]  Judgment shall enter for Chapter 7 trustee Carla Musselman against defendants Africh Management & Investments, Inc., Africh Maintenance, Inc., and Dartlin J. Africh, jointly and severally, in the amount of $33,690.06, as allowed costs in this litigation.  A separate supplemental judgment consistent with this order shall be entered.

DONE AND ORDERED in Orlando, Florida, on May 23, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Counsel for Plaintiff:  Bradley M. Saxton, PO Box 1391, Orlando, FL  32802

Counsel for Defendants:  Nicolette C. Vilmos, Broad & Cassel, 390 N. Orange Avenue, Suite 1400, Orlando, FL  32801

---

[17] Adversary No. 4-ap-77, Doc. Nos. 494 & 515; Adversary No. 4-ap-79, Doc. Nos. 326 & 345.